UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY LIVINGSTON ALLEN,

    Petitioner,

v.                              Case No: 2:17-cv-93-FtM-29MRM
                                Case No. 2:03-CR-74-FTM-29

UNITED STATES OF AMERICA,

    Respondent.

_____

**ORDER**

    This matter comes before the Court on petitioner's Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. #6) filed on March 8, 2017. In this case, petitioner seeks reconsideration of the Court's Opinion and Order (Doc. #4) dismissing his Motion Under Title 28 U.S.C. § 2255(f)(4) for lack of jurisdiction because petitioner did not first obtain certification from the Eleventh Circuit to file a successive motion.[1] Allen v. United States, No. 2:03-CR-74-FTM-29, 2017 WL 631546 (M.D. Fla. Feb. 15, 2017).

---

    1 On July 6, 2016, petitioner was denied leave to file a successive motion based on Johnson v. United States, 135 S. Ct. 2551(2015) because it had no impact on § 851.

In the Opinion and Order (Doc. #4), the Court noted that petitioner's previous Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Case No. 2:07-cv-574-FTM-29DNF, Doc. #1) had been denied on the merits, and also noted "in the alternative, that nothing in Clarke suggested that the law had changed regarding 21 U.S.C. § 841." Id. at Doc. #34; Allen v. United States, No. 2:03-CR-74-FTM-29, 2017 WL 631546, at *2 (M.D. Fla. Feb. 15, 2017).

In this § 2255 case, petitioner seeks reconsideration of the dismissal for lack of jurisdiction arguing that 2255(f)(4) provides a basis to allow the successive petition. Petitioner argues that Clarke[2] is a new fact for purposes of 28 U.S.C. § 2255(f)(4), and that the motion should not have been dismissed as successive, and considered as timely filed from the Clarke decision. (Doc. #6.) The Court has considered the application of Clarke, and found no merit.[3] The motion will be denied in this case.

---

2 Clarke v. United States, 184 So. 3d 1107 (Fla. 2016).

3 More specifically, the Court found:

> A "conviction" under the federal felon-in-possession statute is by federal statute defined by reference to state law. 18 U.S.C. §921(a)(20). In contrast, the sentencing enhancement under 21 U.S.C. § 841 defines

In the alternative, petitioner asks that the Court construe his motion for a writ of error coram nobis. "The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). Newly discovered evidence is not a compelling circumstance warranting relief, United States v. Mayer, 235 U.S. 55, 69 (1914), and in any event, coram nobis relief was abolished in civil cases, Mills, 221 F.3d at 1203 n.2. Further, coram nobis relief requires petitioner to *not* still be in custody. United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999) (citing United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997)). Since plaintiff has already filed a motion under 28 U.S.C. § 2255, and therefore the application for coram nobis relief cannot be treated as a § 2255 motion, relief will be denied.

Accordingly, it is hereby

**ORDERED:**

---

"conviction" with reference to federal law. Nothing in Clarke suggests that the Eleventh Circuit has changed its law regarding § 841.

(Case No. 2:07-cv-574-FTM-29DNF, Doc. #34.)

Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. #6) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA